UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK

| | |
|---|---|
| LEE CHASE and JUAN YARBROUGH, individually and on behalf of all other persons similarly situated who were employed by MADICORP, and/or any other entities affiliated with or controlled by MADICORP,<br><br>　　　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　- against -<br><br>MADICORP,<br><br>　　　　　　　　　　　　　　　　　　Defendant. | **COMPLAINT**<br><br>**COLLECTIVE ACTION and CLASS ACTION**<br><br>**JURY TRIAL**<br><br>Docket No.: 6:23-CV-0436 (AMN/TWD) |

　　　　Plaintiffs, by their attorneys Gattuso & Ciotoli, PLLC, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

　　　　1.　　This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law ("NYLL") § 190 *et seq.*, § 663, § 651 et seq., and § 650 et seq.; 12 New York Codes, Rules, and Regulations ("NYCRR") § 146-1.2, 146-1.3, 146-1.6, 146-1.7, 146-2.2, 146-2.3, 146-2.9; on behalf of Named Plaintiffs and a putative class and collective of individuals who furnished labor to Defendant MADICORP, and/or other entities affiliated or controlled by Defendant, individually, to recover unpaid wages for work performed on behalf of Defendant by Named Plaintiff and other members of the putative class (collectively "Plaintiffs").

　　　　2.　　Defendant is a foreign corporation that provides temporary labor services throughout the United States.

　　　　3.　　Upon information and belief, Defendant's practices in providing labor services is consistent throughout the United States.

4. Upon information and belief, Plaintiff and those similarly situated throughout Defendant's service locations are subject to the same employment policies and practices.

5. Beginning in approximately December 2016 and, upon information and belief, continuing through the present, Defendant engaged in a policy and practice of failing to pay Plaintiff and those similarly situated for all hours worked.

6. Beginning in approximately December 2016 and, upon information and belief, continuing through the present, Defendant did not record all hours worked by Plaintiff and those similarly situated.

7. Defendant failed to provide proper wage notices to Plaintiff and those similarly situated in violation of New York State law.

8. Defendant has applied the same employment policies, practices and procedures to all, including Plaintiff and those similarly situated, that worked for Defendant at all locations that Defendant provided temporary workers.

9. Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including unpaid earned wages, as well as damages for Defendants' failure to provide Plaintiffs with wage notices, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

10. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

11. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law and New York CPLR 302.

12. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violation, is three (3) years.

13. The statute of limitations under NYLL § 198(3) is six (6) years.

## VENUE

14. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

15. Named Plaintiff Lee Chase ("Chase") is an individual and resident of Palmetto, Florida.

16. Named Plaintiff Chase worked for Defendant in New York from July 2022 through September 2022.

17. Named Plaintiff Juan Yarbrough ("Yarbrough") is an individual and resident of Longview, Texas.

18. Named Plaintiff Yarbrough worked for Defendant in New York at various times in 2022 ending in September 2022.

19. Defendant Madicorp is a foreign limited liability corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business located at 87 Crescent Road, Needham, Massachusetts 02494.

20. Defendant employed Named Plaintiffs and members of the putative class at all relevant times herein.

21. Defendant employed Named Plaintiffs and members of the putative class in New York State at various times throughout the statutory period including 2022.

22. Defendant has had substantial control over Named Plaintiffs, and those similarly situated, working conditions including the unlawful policies and practices alleged herein.

23. Defendant employed Named Plaintiffs and members of the putative class and collective in New York at all relevant times.

24. At all relevant times, Defendant has maintained control, oversight, and direction over Named Plaintiffs and members of the putative class and collective, including payroll and other employment practices from their forced place of lodging and transportation until they began their work shift.

25. At all relevant times, Defendant's policies, practices, and procedures were executed upon Named Plaintiffs and members of the putative class and collective, including compelled pre-shift work off the clock consistently during their time of employment in New York where Defendant provided workers for customers.

26. Upon information and belief, Defendants' annual gross volume of sales made, or business done, is not less than $500,000.

## CLASS ALLEGATIONS

27. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

28. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

29. This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendant in New York State.

30. Named Plaintiffs and members of the putative class are all victims of Defendant's common policy and/or plan to violate the FLSA and New York Labor Law by failing to pay for all hours worked and overtime compensation at one and one-half the regular hourly rate for hours in excess of 40 per week.

31. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

32. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendant failed to pay wages for all hours worked; (2) whether Defendant properly accounted for and paid all hours worked; (3) whether Defendant paid overtime compensation when owed; and (4) whether Defendant failed to provide New York Plaintiffs with proper wage notices during the time of their employment in New York State.

33. The claims of the Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendant's policies and willful practice of failing to pay minimum wages, failing to account for and pay all hours worked, and other wage violations.

34. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

35. A class action is superior to other available methods for the fair and

efficient adjudication of this controversy. The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

36. Named Plaintiffs worked for Defendant at the Briggs and Stratton manufacturing facility in Sherill, New York from approximately July 2022 through September 2022.

37. Named Plaintiffs were paid approximately $19.00 per hour.

38. Named Plaintiffs and members of the putative class typically worked five eight-hour shifts per week.

39. Named Plaintiffs were required by Defendant to stay at a hotel near the work location.

40. Named Plaintiffs and members of the putative class were required to travel to the worksite in a van operated by Defendant.

41. Named Plaintiffs and members of the putative class were required to travel to the worksite in a van operated by Defendant and arrive at the worksite approximately 30 minutes before the shift began.

42. Named Plaintiffs and members of the putative class were not permitted to travel independently to the worksite.

43. Named Plaintiffs and members of the putative class were required to travel to the worksite in a van operated by Defendant, arrive at the worksite approximately 30 minutes before the shift began and not permitted to "clock-in" until the

top of the hour when their shift began.

44. Named Plaintiffs and members of the putative class were required to travel to the worksite in a van operated by Defendant, arrive at the worksite approximately 30 minutes before the shift began, were not permitted to "clock-in" until the top of the hour when their shift began and were not compensated for the time they sat waiting at the worksite location.

45. Upon information and belief, under 29 U.S.C. § 201, et seq., and the cases interpreting same, Defendant constitutes an "enterprise engaged in commerce."

46. Defendant constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

47. Defendant is an employer, within the meaning contemplated, pursuant to NYLL Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

48. Named Plaintiffs and those similarly situated were employees within the meaning contemplated in FLSA 29 U.S.C. §203(e).

49. Named Plaintiffs and those similarly situated were employees, within the meaning contemplated, pursuant to NYLL Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

50. Defendant never provided Named Plaintiff and those similarly situated with all required wage notices during their time of employment in violation of NYLL § 195(1) and §§ 198-1(b).

**FIRST CAUSE OF ACTION**
**UNPAID OVERTIME UNDER THE FLSA**

51. Named Plaintiffs reallege and incorporate by reference all the allegations

set forth above.

52. Named Plaintiffs and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

53. Under the FLSA, Named Plaintiffs and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the overtime provisions of sections 207 of the FLSA.

54. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiffs and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

55. Upon information and belief, Named Plaintiffs and similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the plaintiffs actually worked.

56. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the plaintiff and other similarly situated employees.

57. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION
## OVERTIME WAGES UNDER THE NYLL

58. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

59. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate" for hours worked in excess of 40 hours in one workweek.

60. NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

61. Defendant is an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

62. Named Plaintiffs and similarly situated hourly employees of Defendant are employees, within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

63. There were weeks when Named Plaintiffs and similarly situated hourly employees of Defendant worked more than forty (40) hours.

64. Named Plaintiff and similarly situated hourly employees of Defendant did not receive all earned overtime compensation for hours worked after the first forty (40) in a week.

65. By the foregoing reasons, Defendant has violated NYLL § 663 and 12 NYCRR § 142-2.2, and are liable to Named Plaintiffs and members of the putative class

in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES UNDER NYLL

66. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

67. Pursuant to Article Six of the NYLL, workers such as Named Plaintiff and those similarly situated are protected from wage underpayments and improper employment practices.

68. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

69. As persons employed for hire by Defendant, Named Plaintiffs and those similarly situated are "employees," as understood in Labor Law § 190.

70. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

71. As an entity that hired Named Plaintiffs and those similarly situated, Defendant is an "employer."

72. Named Plaintiffs and those similarly situated wage rates were within the meaning of NYLL §§ 190, 191.

73. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Named Plaintiffs and those similarly situated are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

74. Defendant failed to pay Named Plaintiffs and members of the putative

class their hourly wage for all hours worked in accordance with the agreed upon terms of their employment.

75. Unpaid time work includes, but is not limited to, time spent changing in the locker room, time spent assembling before each shift, and time spent traveling to the locker room to their job sites.

76. In failing to pay Named Plaintiffs and those similarly situated proper wages for all hours worked and time and one-half for all hours after forty hours in one week, Defendant violated New York Labor Law

77. Upon information and belief, Defendant's failure to pay Named Plaintiffs and those similarly situated full wages every week was willful.

78. By the foregoing reasons, Defendant has violated NYLL and is liable to Named Plaintiff and those similarly situated in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION:
## NEW YORK– FAILURE TO PROVIDE ANNUAL WAGE NOTICES

79. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

80. Defendant has willfully failed to supply Named Plaintiffs and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address

of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

81. Named Plaintiffs and those similarly situated did not receive all the required wage notices during their employment with Defendants.

82. Through their knowing or intentional failure to provide Named Plaintiffs and those similarly situated with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

83. According to NYLL § 198-1(b), Named Plaintiffs and those similarly situated are entitled to $50 for every day in which they did not receive a wage notice, or a total of $5000, together with costs and reasonable attorney's fees.

84. By the foregoing reasons, Defendant has violated NYLL §§ 195(1) and 198-1(b) and are liable to the Named Plaintiffs and those similarly situated in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other persons similarly situated, request a trial by jury and demand judgment:

(1) On the First Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount

equal to the amount of unpaid wages, interest, attorneys' fees and costs pursuant to the New York Labor Law;

(3) On the Third Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the FLSA;

(4) On their Fourth Cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the New York Labor Law; and

(5) All other and further relief the Court may deem appropriate.

Dated: April 7, 2023

/s/ *Frank S. Gattuso*
Frank S. Gattuso
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
(315) 314-8000
fgattuso@gclawoffice.com